NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3094

JARMILLA M. TORRES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Jarmilla M. Torres, of Jacksonville, North Carolina, pro se.

Michelle R. Milberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3094

JARMILLA M. TORRES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC831E080317-I-1.

_____

DECIDED: April 1, 2009

_____

Before MAYER, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Jarmilla M. Torres petitions for review of the final decision of the Merit Systems Protection Board ("the Board"), affirming the denial of her application by the Office of Personnel Management ("the OPM") for disability retirement under the Civil Service Retirement System ("the CSRS"). Because the Board correctly determined that Ms. Torres does not qualify for disability retirement, we affirm.

BACKGROUND

For twenty-seven years, Ms. Torres was employed by the Department of Defense as a Procurement Technician. Her performance had been fully satisfactory, and she had no disciplinary record until the events that led to her removal. In March of

2005, Ms. Torres received advance notice of her proposed removal for misconduct, alleging she had purchased numerous items with a government purchase card and kept them at her residence for her personal use. Her removal was made effective in May of 2005.

After her removal, Ms. Torres applied for disability retirement under the CSRS, claiming she was unable to sufficiently perform her duties as a Procurement Technician because she suffered from depression and anxiety. The OPM denied her application in 2007, upon determining that she failed to show that the misconduct that led to her removal, her only performance deficiency, was caused by a medical condition. In 2008, the Board affirmed the decision by the OPM. The Board considered Ms. Torres's medical records and employment history, and determined that she did not suffer from a medical condition that "rendered her unable to perform the duties of her position."

The Board's decision became final on November 24, 2008. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board has authority to review OPM decisions in CSRS disability cases under 5 U.S.C. § 8347(d)(1). See Licausi v. Office of Pers. Mgmt., 350 F.3d 1359, 1364 (Fed. Cir. 2003). In cases regarding disability benefits, our review of the decision is limited to determining whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 625 (Fed. Cir. 1995) (citing Lindahl v. Office of Pers. Mgmt., 470 U.S. 768 (1985)).

Thus, we are without authority to review the "factual underpinnings" of a disability determination. Id.

Although Ms. Torres has asked this court to "review" the Board's determination, she has not alleged that the Board committed any particular error.[1] To qualify for disability retirement, Ms. Torres is required to show, in part, that she is "unable, because of disease or injury, to render useful and efficient service" as a Procurement Technician. 5 U.S.C. § 8337(a). Ms. Torres was given the opportunity to describe her disability and present evidence to the Board. In affirming the denial of her application, the Board fully considered her submissions before making a determination. Accordingly, we can ascertain no procedural or like error that we have authority to review. To the extent that Ms. Torres asks this court to review the Board's factual determination that her medical condition was not the source of any performance deficiencies, we have no authority to do so. For these reasons, the final decision of the Board is affirmed.

No costs.

---

[1] Ms. Torres submitted a letter to this court dated December 5, 2008, from John Robert Burd, regarding the current condition of her mental health. However, we may not consider the contents of the letter because it was not presented before the Board. See McGarigle v. U.S. Postal Serv., 904 F.2d 687, 689 (Fed. Cir. 1990) ("This court consider[s] only those materials which were before the [Board], except if the materials submitted serve to correct an omission or misstatement by the [Board].").